1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   GEOFFREY R. LAWSON, SR.,          No. 2:15-CV-0184-MKD

8             Plaintiff,              ORDER:

9      vs.                           (1) GRANTING IN PART AND
                                         DENYING IN PART PLAINTIFF'S
10  BRENT CARNEY, et al.,                MOTION FOR CONTINUANCE OF
                                         SUMMARY JUDGMENT TO
11            Defendants.               CONDUCT DISCOVERY (ECF No.
                                         62);
12                                    (2) DENYING DEFENDANTS'
                                         MOTION TO STAY DISCOVERY
13                                       ECF No. 69);
                                      (3) STRIKING DEFENDANT'S
14                                       MOTION FOR SUMMARY
                                         JUDGMENT (ECF No. 39);
15                                    (4) DENYING PLAINTIFF'S MOTION
                                         FOR EXTENSION OF TIME (ECF
16                                       No. 63)
                                      (5) DENYING PLAINTIFF'S
17                                       RENEWED MOTION FOR
                                         PRELIMINARY INJUNCTION
18                                       (ECF No. 68);
                                      (6) SETTING REVISED
19                                       SCHEDULING ORDER

20

21  ORDER - 1

Geoffrey Lawson is a prisoner at Airway Heights Corrections Center (AHCC) in Airway Heights, Washington.  ECF No. 8 at 6.  Proceeding *pro se,* Plaintiff brings suit under 42 U.S.C. § 1983.  ECF No. 8 at 5.  He alleges Department of Corrections (DOC) Chaplain Joseph Luce, Food Services Manager Mark Murphy, Dietary Services Manager Brent Carney, ARNP Jody Sabatino, and Assistant Supervisor Patric Knie (collectively "Defendants")[1] temporarily denied him a kosher diet and continue to deny him a soy-free diet.  ECF No. 8 at 5.  Defendants' denials, Plaintiff contends, deprived him of the rights protected by the First, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act.  ECF No. 8 at 5.  Plaintiff seeks a variety of monetary, declaratory, and injunctive relief.

**BEFORE THE COURT** are five motions: (1) Plaintiff's Motion for Continuance of Summary Judgment to Permit Discovery (Plaintiff's Motion for Continuance) (ECF No. 62); (2) Defendants' Motion to Stay Discovery Pending

---

[1] Plaintiff included K. Coun and A.C. Butler as "additional Defendants" on the fifth page of his complaint.  Rule 10(a) requires a plaintiff to name "all the parties" in title of a complaint.  Because he did not comply with Rule 10(a) or plead facts against these persons, the Court did not add them as Defendants to this action.  ECF No. 9.

Resolution of Defendants' Summary Judgment Motion (Defendant's Motion to Stay Discovery) (ECF No. 69); (3) Defendants' Motion for Summary Judgment (ECF No. 39); (4) Plaintiff's Motion for an Extension of Time (Plaintiff's Motion for Extension) (ECF No. 63); and (5) Plaintiff's Renewed Emergency Motion for Preliminary Injunction or in the Alternative Release from Custody (Renewed Motion for Preliminary Injunction) (ECF No. 68).

## PLAINTIFF'S MOTION FOR CONTINUANCE (ECF NO. 62) AND DEFENDANT'S MOTION TO STAY DISCOVERY (ECF NO. 69)

Plaintiff moves this Court for a continuance for one year to permit him time to conduct discovery before ruling on Defendants' Motion for Summary Judgment. ECF No. 62.  Rule 56(d) permits a court to extend a response deadline where the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  FED. R. CIV. P. 56(d).  Defendants ask this Court to deny Plaintiff's request for additional time to conduct discovery, asserting they are entitled to qualified immunity, and Plaintiff failed to articulate the discoverable facts he sought and how such facts would create a genuine issue of material fact.  Moreover, Defendants have filed a separate motion, seeking a stay of discovery until the Court rules on the motion for summary judgment.  ECF No. 69.

Under Rule 56(d), a party seeking time for discovery must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery;

ORDER - 3

(2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment." FED. R. CIV. P. 56(d); *see also Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp*., 525 F.3d 822, 827 (9th Cir. 2008). "[T]he party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." *Continental Maritime v. Pacific Coast Metal Trades*, 817 F.2d 1391, 1395 (9th Cir. 1987). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel. Teletrac, Inc*., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

As an initial matter, to date, the parties have not exchanged any discovery. In his motion and affidavit, Plaintiff set forth the discovery he would seek if granted additional time. ECF No. 62-1. For example, Plaintiff explained that he needs additional time to discover who denied him his kosher diet, how he was removed from the list of inmates whom receive a kosher diet, and how Defendants' expert concluded Plaintiff is not allergic to soy. Such inquiry is relevant to the matters addressed in Defendants' motion for summary judgment.

Defendants ask this Court to deny Plaintiff's Motion for Continuance, contending they are entitled to qualified immunity. Qualified immunity confers upon officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Dunn v. Castro*, 621 F.3d 1196,

1199 (9th Cir. 2010) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)).

"Until this threshold immunity question is resolved, discovery should not be

allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). But qualified immunity is

only an immunity from suit for damages, it is not an immunity from suit for

declaratory or injunctive relief. *See L.A. Police Protective League v. Gates*, 995

F.2d 1469, 1472 (9th Cir. 1993). Plaintiff seeks monetary, declaratory, and

injunctive relief. ECF No. 8. Even if Defendants are entitled to qualified immunity

from his claims for monetary relief, this Court must determine whether Plaintiff is

entitled to discovery on his claims for injunctive and declaratory relief. In addition,

Defendants' motion for summary judgment is not limited to the issue of qualified

immunity. *See* ECF No. 39 at 3-13.

    Some limited discovery may be permitted even when a defendant asserts a

qualified immunity defense. As the Supreme Court observed, qualified immunity

does not protect an official from all discovery, but only from that which is "broad-

reaching." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998). Discovery may

be appropriate where, for example, the defendant's characterization of his actions

differ from the plaintiff's characterization of those actions. *Id.* (citing *Anderson v.

Creighton*, 483 U.S. 635, 646, n.6 (1987)). Here, for example, Plaintiff

characterizes Defendants' conduct as deliberate and intentional while Defendants'

contend they were, at worst, negligent. To permit Plaintiff the opportunity to

ORDER - 5

1  discover facts relating to Defendants' intent, time for additional discovery is

2  appropriate.

3      Accordingly, the Court **GRANTS IN PART** Plaintiff's Motion for

4  Continuance (ECF No. 62), **DENIES** Defendant's Motion to Stay (ECF No. 69), and

5  sets forth a revised scheduling order below.

6        **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 39)**

7      The Court **STRIKES** Defendants' Motion for Summary Judgment (ECF No.

8  39) to, as explained above, permit Plaintiff additional time to conduct discovery.

9  Defendants may refile their motions for summary judgment consistent with the

10  revised scheduling order.

11        **PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 63)**

12      Plaintiff seeks a two-week extension to file his response to Defendant's

13  Motion for Summary Judgment, ECF No. 63, which Defendants do not oppose.

14  ECF No. 65 at 3.  The Court **DENIES** Plaintiff's Motion as moot, given the Court's

15  other rulings (ECF No. 63).

16        **RENEWED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**
            **(ECF No. 68)**

17      When Plaintiff filed his complaint in August of 2015, he also sought an

18  emergency injunction to prohibit Defendants from serving him soy and non-kosher

19  food.  ECF Nos. 2, 8.  Defendants responded, contending Plaintiff was receiving a

20  kosher diet and had not demonstrated a medical need for a soy-free diet.  ECF No.

21

ORDER - 6

16.  The Court denied Plaintiff's motion for an injunction but ordered Defendants to test Plaintiff for "any soy or other food allergy."  ECF No. 26 at 2.  Plaintiff submitted to an allergy test for soy on November 30, 2015, which results indicated he is not allergic to soy.  ECF No. 37.

Plaintiff has filed a Renewed Motion for Preliminary Injunction, contending that he suffers from Gastroesophageal Reflux Disease (GERD/acid reflux), which he alleges the soy in his diet exacerbates.  He asks this Court to order Defendants to: (1) reimburse the six inmates he alleges provided him with food; (2) provide him $60.00 per day so that he may purchase kosher food; and (3) refrain from confiscating any of his food or hygiene products until this litigation concludes.  In the alternative, Plaintiff seeks release from custody.  Defendants contend the motion should be denied, as was the initial motion for preliminary injunction, because no new facts exist.  ECF No. 71.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Freedom Def. Initiative v. King Cty.*, 796 F.3d 1165, 1168 (9th Cir. 2015) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  Because Plaintiff has not demonstrated that he is likely to succeed on the

ORDER - 7

merits and has not produced any evidence that he suffers from a soy allergy or is in any danger of irreparable harm, the Court **DENIES** the motion (ECF No. 68).

**ACCORDINGLY, IT IS ORDERED**:

1.  Plaintiff's Motion for Continuance (**ECF No. 62**) is **GRANTED IN PART.**

2.  Defendants' Motion to Stay Discovery (**ECF No. 69**) is **DENIED**.

3.  Defendants' Motion for Summary Judgment (**ECF No. 39**) is **STRUCK**.

4.  Plaintiff's Motion for Extension (**ECF No. 63**) is **DENIED** as moot.

5.  Plaintiff's Renewed Motion for Preliminary Injunction (**ECF No. 68**) is **DENIED**.

**IT IS FURTHER ORDERED** that the following schedule is established:

1. Pursuant to Rule 16 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), this schedule "shall not be modified except upon a showing of good cause and by leave [of the Court]." Fed. R. Civ. P. 16(f) provides for sanctions for failure to obey the Scheduling Order.

2. The parties are reminded to follow all Federal and Local Rules, in particular Local Rule (LR) 7.1, which governs motion practice. **The Court may choose to disregard any materials not timely filed and motions not noted for hearing in compliance with the rules.**

ORDER - 8

LR 7.1(f) will be strictly enforced. Motions for leave to file an overlength brief must be filed and ruled on <u>prior to</u> filing the overlength brief.  Overlength briefs will be allowed only when good cause is shown.

3. Pursuant to Fed. R. Civ. P. 26(a)(3), plaintiff shall provide all disclosures regarding experts to defendants no later than **June 10, 2016**.  Defendants shall provide all Rule 26(a)(2) disclosures by **June 24, 2016**. The parties shall identify any rebuttal experts and provide their reports by **July 8, 2016.**

4. All discovery shall be completed on or before **August 1, 2016**.  All written discovery shall be served no later than 40 days prior to the discovery cut-off date. THE PARTIES SHALL FILE NO DISCOVERY EXCEPT THOSE PORTIONS NECESSARY TO SUPPORT MOTIONS.  If the parties need a ruling as to any discovery question and wish to avoid the time and expense of a written motion, they may, together, obtain an expedited ruling through a telephone conference call to the Court at 1-877-336-1828, access code: 3873484.  The parties should contact chambers prior to any telephonic conference call to schedule the call.  This may be accomplished by sending an email with the proposed date and time to DimkeOrders@waed.uscourts.gov.

5. All dispositive motions shall be filed and served on or before **August 15, 2016.**  This deadline may only be altered by the Court, for good cause shown.

(a) The motion must <u>strictly</u> <u>comply</u> with all requirements of LR 7.1 and 56.1.

ORDER - 9

(b) Counsel should make evidentiary objections as discussed in LR 56.1(b) and (c) within the parties' statement of facts as opposed to filing a separate motion to strike.

(c) All materials filed in support of, or in opposition to, a motion for summary judgment must strictly comply with the requirements of Fed. R. Civ. P. 56(e). *See Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

(d) The Court's copies of any exhibits submitted in support of, or in opposition to, a dispositive motion shall be bound and tabbed.

(e) Failure to comply with the above requirements may result in the Court disregarding any noncomplying pleadings.

6. (a) In accordance with Fed. R. Civ. P. 26(a)(3), exhibit and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided) on or before **November 14, 2016.**

(b) All exhibits shall be premarked: plaintiff's exhibits shall be numbered 1 through 100; defendants shall use numbers 101 through 200.

(c) The parties shall also serve, but not file at this time, a list of those witnesses whose testimony may be by deposition, along with a purged transcript of deposition testimony (see, LR 32.1).

(d) Any objection to use of a deposition or an exhibit proposed by an opponent shall be filed and served by **December 12, 2016**.  And shall be heard at the

ORDER - 10

pretrial conference.  A failure to object will be considered a waiver, and all items

listed and not objected to will be considered admitted.

(e) **January 9, 2017**, the parties shall submit a bound and tabbed bench copy

of their exhibits for the Court's reference at the pretrial conference.

7. A joint pretrial order, prepared in accordance with the format provided in

LR 16.1(b), shall be filed on or before **January 9, 2017**. The joint pretrial order

shall additionally be emailed to DimkeOrders@waed.uscourts.gov. The list of

exhibits contained in the joint pretrial order shall reflect the exhibit marking scheme

described above. In preparing the joint pretrial order, the parties shall confer

regarding duplicate exhibits and determine which party will admit such exhibits for

trial.

8. Unless otherwise ordered, a final telephonic pretrial conference shall be

held **January 11, 2017, at 11:00 a.m**. The parties shall call the court's conference

line at: **877-336-1828 Access Code: 3873484#** five minutes before the time

scheduled for the conference. Counsel for defendants shall facilitate plaintiff's

telephonic participation if he is incarcerated. After the pretrial conference, the case

ORDER - 11

will be referred to the assigned District Court Judge for trial.

**IT IS SO ORDERED.** The District Executive is directed to file this Order and provide copies to Plaintiff and counsel for defendants.

DATED May 11, 2016.

*S/ Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 12