UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEOFFREY R. LAWSON, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT CARNEY, ET AL.,<br><br>Defendants. | No. 2:15-cv-00184-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>**ECF No. 92** |

**BEFORE THE COURT** is Plaintiff's Motion for Default Judgment against Defendants Pursuant to Fed. R. Civ. P. 37 for Refusing to Provide Plaintiff Discovery in Violation of the Court's Order Dated May 11, 2016. ECF No. 92. Plaintiff alleges that Defendants committed "intentional and flagrant discovery violations" contrary to the Court's May 11, 2016 Order. *Id.* at 2. Plaintiff specifically complains that the Defendants' answers to Plaintiff's first set of interrogatories was insufficient. *Id.* at 2-3.

Fed. R. Civ. P 37 gives the Court tremendous discretion in determining sanctions if a party fails to make disclosures or cooperate in discovery. In relevant part, "[i]f a party's officer, director, or managing agent… fails to obey an order to

ORDER - 1

provide or permit discovery, … the court where the action is pending may issue further just orders. They may include the following: (vi) rendering default judgment against the disobedient party." Fed. R. Civ. P. 37 (b)(2)(A)(vi). Any sanction under this rule is wholly within the Court's discretion.

Plaintiff's motion falls short for two reasons. First, Plaintiff misinterpreted the Court's May 11, 2016 Order as a discovery order. The Court's Order did not compel Defendants to disclose any particular information to Plaintiff in discovery. *See* ECF No. 79. The Order discussed Plaintiff's intention to discover "who denied [Plaintiff] his kosher diet, how he was removed from the list of inmates whom receive a kosher diet, and how Defendants' expert concluded Plaintiff is not allergic to soy." ECF No. 79 at 4. The Order went on to posit that "[s]uch inquiry is relevant to the matters addressed in Defendants' motion for summary judgment." *Id.* The Court's Order does not order Defendants to disclose particular documents. *See id.* Therefore, Rule 37(b)(2)(A)(vi) is inapplicable because Defendants did not violate a discovery order.

Second, Plaintiff's Motion for Default Judgment fails because the alleged facts do not support Plaintiff's characterization of Defendants' behavior. Even if the Court were to construe Plaintiff's motion as invoking a different section of Rule 37 to justify default judgment, it is not obvious to the Court that Defendants have failed to meet the requirements of discovery. Defendant Carney (the only

Defendant so far served with a discovery request), though his attorney, answered each of Plaintiff's interrogatories and requests for discovery.  ECF No. 92-2.  While Defendant Carney did not provide Plaintiff with all the documents or information that he sought, Carney provided explanation in each instance as to why he believed himself to be exempt from producing the requested information.  *Id.*  This response, in the Court's view, is not such an obvious failure to comply with a discovery request as to merit default judgment or other sanction.

If Plaintiff believes that particular documents should have been produced pursuant to his document requests, he should file a motion to compel, consistent with the requirements set forth in Fed. R. Civ. P. 37 and the local rules.

**IT IS ORDERED**:

Plaintiff's Motion for Default Judgment, **ECF No. 92**, is **DENIED.**

DATED this November 23, 2016.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE