UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEOFFREY R. LAWSON, SR., <br><br> Plaintiff, <br><br> vs. <br><br> BRENT CARNEY, ET AL., <br><br> Defendants. | No. 2:15-cv-00184-MKD <br><br> ORDER FOLLOWING TELEPHONIC STATUS CONFERENCE AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION <br><br> **ECF Nos. 97, 109, 110** |

BEFORE THE COURT is Plaintiff's Second Renewed Emergency Motion for Preliminary Injunction or Release from Custody (ECF No. 97). On December 6, 2016, the Court held a telephonic status to address outstanding issues.

Geoffrey Lawson is a prisoner at Airway Heights Corrections Center (AHCC) in Airway Heights, Washington. ECF No. 8 at 6. Proceeding *pro se,* Plaintiff brings suit under 42 U.S.C. § 1983. ECF No. 8 at 5. He alleges Department of Corrections (DOC) Chaplain Joseph Luce, Food Services Manager

ORDER FOLLOWING TELEPHONIC STATUS CONFERENCE AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 1

Mark Murphy, Dietary Services Manager Brent Carney, ARNP Jody Sabatino, and Assistant Supervisor Patric Knie (collectively "Defendants")[1] provide him with Kosher meals to which he has adverse physical reactions. ECF No. 97 at 1-2. Plaintiff seeks a variety of monetary, declaratory, and injunctive relief through the incorporation of his previous motions.

When Plaintiff filed his complaint in August 2015, he also sought an emergency injunction to prohibit Defendants from serving him soy and non-kosher food. ECF Nos. 2, 8. Defendants responded, contending Plaintiff was receiving a kosher diet and had not demonstrated a medical need for a soy-free diet. ECF No. 16. The Court denied Plaintiff's motion for an injunction but ordered Defendants to test Plaintiff for "any soy or other food allergy." ECF No. 26 at 2. Plaintiff submitted to an allergy test for soy on November 30, 2015, the results of which indicated he is not allergic to soy. ECF No. 37. Defendants did not have Plaintiff tested for "other food allerg[ies]" as directed by the Court. *Id.*

---

[1] Plaintiff included K. Coun and A.C. Butler as "additional Defendants" on the fifth page of his complaint. Rule 10(a) requires a plaintiff to name "all the parties" in title of a complaint. Because he did not comply with Rule 10(a) or plead facts against these persons, the Court did not add them as Defendants to this action. ECF No. 9.

ORDER FOLLOWING TELEPHONIC STATUS CONFERENCE AND
DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 2

1  Plaintiff filed a renewed motion for preliminary injunction or in the

2  alternative release from custody, ECF No. 68, which the Court denied, ECF No. 79

3  at 6-8.

4  Plaintiff has filed a Second Renewed Motion for Preliminary Injunction,

5  setting forth his alleged reactions to the provided Kosher meals. ECF No. 97. He

6  asks this Court to "prohibit Defendants from serving him the current Kosher

7  meals" and to grant all relief requested in the prior two injunction motions. ECF

8  No. 97 at 1-3. In the alternative, Plaintiff seeks release from custody. *Id*.

9  Defendants contend the motion should be denied, as was the initial motion for

10  preliminary injunction, and the first renewed motion for preliminary injunction

11  because no new facts exist. ECF No. 99.

12  "A plaintiff seeking a preliminary injunction must establish that he is likely

13  to succeed on the merits, that he is likely to suffer irreparable harm in the absence

14  of preliminary relief, that the balance of equities tips in his favor, and that an

15  injunction is in the public interest." *Am. Freedom Def. Initiative v. King Cty.*, 796

16  F.3d 1165, 1168 (9th Cir. 2015) (citing *Winter v. Natural Res. Def. Council, Inc.*,

17  555 U.S. 7, 20 (2008)). Plaintiff has not produced evidence that his circumstances

18  have changed since the Court last found that Plaintiff failed to demonstrate that he

19  is likely to succeed on the merits (ECF No. 79 at 7-8). At this time, it is also

20  unclear whether he suffers irreparable injury as a result of receiving kosher meals.

1  Plaintiff has not demonstrated that the balance of equities and public interest

2  warrant the extraordinary and drastic remedy of a preliminary injunction.  *See*

3  *Mazuek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted).

4        However, the Court finds that Defendants only complied with part of the

5  Court's prior order to test Plaintiff for "any soy or other food allergy." ECF No.

6  26 at 2.  Given Plaintiff's representations regarding his reactions to the meals, the

7  Court orders Defendants (excluding Defendant Sabatino) to administer food

8  allergy tests previously ordered by the Court, within 30 days.

9        IT IS ORDERED:

10        1. The Motion for Preliminary Injunction, **ECF No. 97**, is **DENIED**, with

11           the right to renew depending upon the results of the food allergy tests.

12        2. Defendants must **arrange for the Plaintiff to be medically tested** for

13           any food allergies within 30 days of this Order **and provide those**

14           **results to the Court and Plaintiff**.  If said medical testing reveals a food

15           allergy, Plaintiff is granted leave to seek further relief from the Court.

16        3. Plaintiff's renewed motion to appoint counsel (**ECF No. 109**) is

17           **DENIED**.

18        4. Plaintiff's motion to appoint expert (ECF No. 110) is **DENIED**.

19

20

5. Plaintiff shall review the docket sheet, and **provide notice to the Court by December 13, 2016** if he has not received any of the Court's orders or case pleadings.

6. The previously issued scheduling order (ECF No. 101) is modified as follows: **Plaintiff shall respond to Defendants' Motions for Summary Judgment (ECF No. 84, ECF No. 87) by January 6, 2017**. Defendants shall file a reply consistent with the local rules.

7. The scheduling order issued in **ECF No. 79** is STRIKEN.

IT IS FURTHER ORDERED that the following schedule is established:

1. Pursuant to Rule 16 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), this schedule "shall not be modified except upon a showing of good cause and by leave [of the Court]." Fed. R. Civ. P. 16(f) provides for sanctions for failure to obey the Scheduling Order.

2. The parties are reminded to follow all Federal and Local Rules, in particular Local Rule (LR) 7.1, which governs motion practice. **The Court may choose to disregard any materials not timely filed and motions not noted for hearing in compliance with the rules.**

LR 7.1(f) will be strictly enforced. Motions for leave to file an overlength brief must be filed and ruled on prior to filing the overlength brief. Overlength briefs will be allowed only when good cause is shown.

3. Pursuant to Fed. R. Civ. P. 26(a)(3), plaintiff shall provide all disclosures regarding experts to defendants no later than **January 13, 2017.** Defendants shall provide all Rule 26(a)(2) disclosures by **January 27, 2017**. The parties shall identify any rebuttal experts and provide their reports by **February 10, 2017.**

4. All discovery shall be completed on or before **February 17, 2017**. All written discovery shall be served no later than 40 days prior to the discovery cut-off date. THE PARTIES SHALL FILE NO DISCOVERY EXCEPT THOSE PORTIONS NECESSARY TO SUPPORT MOTIONS. If the parties need a ruling as to any discovery question and wish to avoid the time and expense of a written motion, they may, together, obtain an expedited ruling through a telephone conference call to the Court at 1-877-336-1828, access code: 3873484. The parties should contact chambers prior to any telephonic conference call to schedule the call. This may be accomplished by sending an email with the proposed date and time to DimkeOrders@waed.uscourts.gov.

5. All dispositive motions shall be filed and served on or before **February 17, 2017.** This deadline may only be altered by the Court, for good cause shown.

   a. The motion must strictly comply with all requirements of LR 7.1 and 56.1.

ORDER FOLLOWING TELEPHONIC STATUS CONFERENCE AND
DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 6

b. Counsel should make evidentiary objections as discussed in LR 56.1(b) and (c) within the parties' statement of facts as opposed to filing a separate motion to strike.

c. All materials filed in support of, or in opposition to, a motion for summary judgment must strictly comply with the requirements of Fed. R. Civ. P. 56(e). *See Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

d. The Court's copies of any exhibits submitted in support of, or in opposition to, a dispositive motion shall be bound and tabbed.

e. Failure to comply with the above requirements may result in the Court disregarding any noncomplying pleadings.

6. a. In accordance with Fed. R. Civ. P. 26(a)(3), exhibit and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided) on or before **April 3, 2017.**

   b. All exhibits shall be premarked: plaintiff's exhibits shall be numbered 1 through 100; defendants shall use numbers 101 through 200.

   c. The parties shall also serve, but not file at this time, a list of those witnesses whose testimony may be by deposition, along with a purged transcript of deposition testimony (see, LR 32.1).

ORDER FOLLOWING TELEPHONIC STATUS CONFERENCE AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 7

    d. Any objection to use of a deposition or an exhibit proposed by an opponent shall be filed and served by **April 24, 2017**. And shall be heard at the pretrial conference. A failure to object will be considered a waiver, and all items listed and not objected to will be considered admitted.

    e. **May 8, 2017**, the parties shall submit a bound and tabbed bench copy of their exhibits for the Court's reference at the pretrial conference. Per his request at the December 6, 2016 hearing, Plaintiff Lawson is not required to comply with this requirement.

7. The list of exhibits contained in the joint pretrial order shall reflect the exhibit marking scheme described above. In preparing the joint pretrial order, the parties shall confer regarding duplicate exhibits and determine which party will admit such exhibits for trial.

8. Unless otherwise ordered, a final telephonic pretrial conference shall be held **May 15, 2017, at 11: a.m**. The parties shall call the court's conference line at: **877-336-1828 Access Code: 3873484# Password: 0184** five minutes before the time scheduled for the conference. Counsel for defendants shall facilitate plaintiff's telephonic participation if he is incarcerated. After the pretrial conference, the case will be referred to the assigned District Court Judge for trial.

ORDER FOLLOWING TELEPHONIC STATUS CONFERENCE AND
DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 8

**IT IS SO ORDERED.** The District Executive is directed to file this Order and provide copies to Plaintiff and counsel for defendants.

DATED this December 8, 2016.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE
