UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GEOFFREY R. LAWSON,

    Plaintiff,

v.

BRENT CARNEY; MARK MURPHY; P.A. SABATINO; A.C. KNEI; and CHAPLIN LUCE,

    Defendants.

NO: 2:15-CV-184-RMP

ORDER RE PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT

BEFORE THE COURT is Plaintiff Geoffrey Lawson's Motion for Relief from Summary Judgment, ECF No. 140. Mr. Lawson appealed the Court's Order and Judgment, ECF Nos. 134 and 135, in the Ninth Circuit Court of Appeals. ECF No. 136. He subsequently filed a motion for a limited remand in that court, and the Ninth Circuit issued an Order. *See* ECF No. 147. In its order, the Ninth Circuit stays briefing until February 12, 2018, and directs the appellant to indicate in his opening brief, or in a status report, "whether the district court has made an indicative

ORDER RE PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT ~ 1

ruling regarding appellant's motion for relief from judgment." ECF No. 147 (citing Fed. R. App. F. 12.1).

"The filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986). Although the Court does not have jurisdiction over motions filed by Mr. Lawson before this Court after he filed his Notice of Appeal in the Ninth Circuit, the Court has reviewed Mr. Lawson's Motion for Relief from Summary Judgment, ECF No. 140, and notes that Mr. Lawson appears to be predicating his motion on the basis that he had requested discovery through a public disclosure process, but that the Airway Heights Correctional Center (AHCC) refused to allow the disclosed material to be given to him in custody, because some of the information, such as the medical records of other prisoners, is prohibited. ECF No. 140 at 3 (citing Appendix A at ECF No. 140 at 8).

Mr. Lawson argues that he could have successfully defended against Defendants' Motion for Summary Judgment if he had been given access to all of the materials that he had requested either through the discovery process or through the public disclosure process. *Id.* at 4. Alternatively, he argues that new evidence has been discovered about contaminated water at the AHCC. *Id.* Mr. Lawson also appears to argue that, had he been granted leave to amend his complaint to include all relevant parties and received the discovery that he requested, he could have

survived summary judgment. *Id.* at 6. Therefore, Mr. Lawson argues that he should be relieved of this Court's Order granting summary judgment. ECF No. 140.

Mr. Lawson previously raised his concerns regarding the discovery process, both to Magistrate Judge Mary Dimke, who drafted the Report and Recommendation to this Court, and again to this Court in his objections to the Report and Recommendation. In its order granting summary judgment, this Court addressed his concerns by acknowledging that "Mr. Lawson raised several discovery issues in support of his objections to granting Defendants' summary judgment motions." ECF No. 134 at 28 (citations omitted). The Magistrate Judge further noted that it had several hearings regarding discovery issues and that Mr. Lawson was given renewed opportunities to conduct discovery and that continued delay was not appropriate. ECF No. 127 at 41. The Court agreed with the Magistrate Judge and determined that summary judgment was appropriate.

Regarding Mr. Lawson's concerns about potentially contaminated water, the Court noted that issue was not relevant to Mr. Lawson's current lawsuit. ECF No. 134 at 31. Therefore, any new information or evidence about contaminated water at the AHCC would not be a basis for altering this Court's order on summary judgment about nonrelated issues.

Mr. Lawson indicates that he should be allowed to amend his complaint and argues that he was "never provided the opportunity to amend his complaint even once." ECF No. 140 at 6. Mr. Lawson did not file any motions for leave to amend.

ORDER RE PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT ~ 3

Based upon the existing Complaint, the Court determined that summary judgment was appropriate.

Therefore, to the extent that Appellant is required to provide the Ninth Circuit with a status report indicating whether this Court likely would be amenable to revisiting its prior Order Granting Summary Judgment, ECF No. 134, the Court finds that there is no persuasive argument yet presented that would justify reconsideration. Even if the Court had jurisdiction to consider Mr. Lawson's Motion for Relief from Judgment, which it does not, it would deny the motion based on the facts and arguments that have been presented.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Lawson's Motion for Relief from Judgment, **ECF No. 140**, is **DISMISSED** for lack of jurisdiction.

2. All other pending motions are **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and to *pro se* Plaintiff.

**DATED** January 10, 2018.

                                    *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                   United States District Judge